UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Daniel Wells,<br><br>　　　　Defendant. | **MEMORANDUM IN SUPPORT OF SENTENCING**<br><br>Criminal Case: 1:17-cr-00133 |

## I. INTRODUCTION

[1] The defendant, Daniel Wells (hereinafter "Daniel," "Wells," "He," or "Mr. Wells") was charged with three (3) counts pursuant to an indictment filed on or about June 7, 2017. The first count being Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2. The second count being Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2, and the third count being Possession of Oxycodone with Intent to Distribute, in violation of .S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2.

[2] The defendant appeared on or about June 22, 2017 for an entry of a plea of not guilty to the charges contained in the indictment before the Honorable Charles S. Miller, Jr. Mr. Wells subsequently appeared before the Honorable Judge Hovland and entered a plea of guilty to the Count One of the indictment on January 23, 2019.

1

[3] Daniel is requesting a period of incarceration for four (4) months which is the approximate time he has served, with a period of supervised release for three (3) years, and a subsequent period of supervised release. Daniel has been incarcerated since December 19, 2018.

## II. **FACTUAL BACKGROUND**

[4] Daniel Wells became involved in the foregoing drug conspiracy as a result of his addiction issues, as with so many others. Mr. Wells became involved in the present case as a result of his uncle, Curtis, and Curtis' girlfriend, Alicia Standish, becoming involved in the conspiracy. For a time, Mr. Wells lived with Curtis and Alicia, thus bringing him into the conspiracy.

[5] Daniel is a twenty-four (24) year old man. He was primarily raised in New Town, North Dakota. Mr. Wells has no criminal history. However, he does have pending charges out of Minot, North Dakota regarding a Reckless Driving and Striking a Highway Fixtures charge. Mr. Wells lost his father at a young age, and his mother approximately six (6) years ago after her battle with cancer. Daniel does have a young son living in Bismarck.

[6] Daniel has a drug problem. This drug problem exacerbated his involvement in the present offense and also caused problems for Daniel while he was on bond on the present charges. He was assessed at a Level 4 on his Post-Conviction Risk Assessment (PCRA). However, his increased score appears to primarily be related to his multiple violations of his conditions of bond on the present charges. Daniel admittedly had problems following the conditions of his bond related to his drug usage.

Regarding the underlying offense, Mr. Wells concedes that he was involved in distribution of oxycodone for his uncle.

### III. OFFENSE LEVEL

[7] The count to which Daniel pled guilty has a base level of 20. After calculations for acceptance of responsibility, the subsequent offense level is 17. Mr. Wells falls into a category I for criminal history. Considering a criminal history category of I and an offense level of 77, the guideline range for Mr. Wells is 24 to 30 months.

### IV. FACTORS FOR CONSIDERATION BY THE COURT

[8] Title 18, United States Code Section 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set out in paragraph (2) of that subsection. Section 18 U.S.C. 3553(a) provides the following requisite seven factors to be considered by the court in determining the particular sentence to be imposed:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed –
   a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. To afford adequate deterrence to criminal conduct;
   c. To protect the public from further crimes of the defendant; and
   d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. The kinds of sentences available;
4. The kinds of sentence and the sentencing range established for –
   a. The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the

>   Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced, or
>
> 5. Any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2)....;
>
> 6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> 7. The need to provide restitution to any victims of the offense.

Id. 18 U.S.C. section 3582(a) requires that the court consider the factors set out in 18 U.S.C. 3553(a), recognizing "that imprisonment is not an appropriate means of promoting correction and rehabilitation." Id. An analysis of the applicable factors in this case is set forth below.

### 1. The Nature of the Offense and History and Characteristics of the Defendant

[9] Mr. Wells needs drug treatment. He urges this court to recognize that, while he understands and acknowledges the wrongful nature of his conduct, Daniel is an addict whose increased PCRA level appears to the undersigned to be primarily related to his issues while out of incarceration on bond. It is important to note that Daniel has no history of violent tendencies or gang affiliation.

[10] Daniel maintains that a minimum period of incarceration, with time in a halfway house, which would permit him to participate in a drug and alcohol treatment program, is the best resolution in this case. Further, Daniel likely needs some programming and counseling to address his unresolved issues related to losing his mother and his father at a young age.

[11] Based on all the foregoing, Daniel urges the court to recognize his treatment needs, and sentence him to an appropriate sentence which will permit him to seek out

4

treatment options subsequent to a term of incarceration. Daniel submits to this court that a period of incarceration, plus a period of supervised release of three (3) years is appropriate in this matter. In the alternative, time served, plus a period of time in a half-way house and a subsequent period of supervised release is appropriate in this case.

### 2. The Need for the Sentence to Promote Certain Statutory Objectives.

#### a. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

[12] Regarding the need for punishment, Mr. Wells has acknowledged his guilt and accepted responsibility for his actions in this matter. He understands that he must make important changes regarding his drug use, addiction, and affiliations with others associated with drug use and addiction. Daniel maintains that society would be better served if he were sentenced to a period of incarceration and subsequent supervised release with a treatment component rather than simply a longer period of incarceration. Such a sentence would permit Daniel to complete treatment, get support from family, find a job, and continue building a life he can be proud of.

#### b. The Need to Afford Adequate Deterrence of Criminal Conduct.

[13] Daniel submits that a term of incarceration along with a period of supervised release will serve as a better deterrent to future criminal conduct than will significant incarceration. In this case, based on the PSIR, Daniel urges the court to recognize that his behaviors are primarily related to addiction, and a failure to maintain sobriety. Daniel maintains that a sentence of incarceration, greater than that which he has already served, is not necessary to deter further criminal conduct. As noted throughout, Daniel's criminal activity is primarily related to addiction-seeking tendencies. Therefore,

a sentence which addresses those tendencies should be considered by the court. Additionally, supervised release would ensure monitoring of Mr. Wells by those familiar with treatment and recovery programs. It is not Mr. Wells' intention to ignore the problems he had while out on bond. Unfortunately, his addiction took hold while he was out on bond and he failed in his pre-trial conditions. However, Daniel has now been incarcerated for nearly four (4) months. He is now sober as a result of his incarceration. He continues to have the support of family and friends, and he has a son that is always present in his mind insofar as that motivates him to maintain sobriety.

[14] Deterrence, however, is not just meant to discourage Daniel's actions in the future. Deterrence may also be a deterrence of others in the future. Therefore, the punishment imposed through the time Mr. Wells has already served plus a period of supervised release should be considered severe enough to provide adequate deterrence of further future criminal conduct by Daniel.

### c. The Need to Protect the Public From Further Crimes of the Defendant.

[15] For similar reasons set forth above, Daniel maintains that first, he is not a danger to the public, and second, that the proposed period of incarceration with supervised release will allow the court to monitor Mr. Wells, and protect, if the court deems it necessary, the public. Although Mr. Wells does have a minor criminal history, he maintains that the present offense was primarily related to one involving his addictions.

[16] Daniel urges the court to recognize that his proposed sentence is such that it would permit him to address his addiction issues. Daniel submits to the court that it his

addiction, and not Daniel, which poses a risk to the public. Daniel's issues, generally, are that of an addict. His involvement in this crime was to fuel his addiction issues. An addiction which is likely the result of Daniel failing to appropriately address his anxiety and depression which stem from losing his father and mother. As such, that is the manner by which he poses a risk to the public, as an addict, not as a violent criminal. Daniel must concede, as he has, that to feed his addiction he has sold illegal narcotics. Daniel maintains that getting his addiction in order will have the effect of Daniel no longer selling narcotics and as such not being involved in further criminal activity. As such, sentencing Daniel to a period of incarceration of time served, with an appropriate term of supervised release, should ensure the public's safety.

### d. Defendant's Need for Vocational Training and Other Correctional Treatment in the Most Effective Manner.

[17] As set forth in the PSIR, Mr. Wells should address his addiction issues as well as his cognitions and mental health concerns. As noted above, this will be addressed should the court sentence Mr. Wells to the term of incarceration with a period of supervised release. Therefore, the facts of this matter, surrounding Mr. Wells' life, support a period of incarceration set forth above with the appropriate period of supervised release. Alternatively, a period of time in a half-way house should permit Mr. Wells to address his addiction issues as well as his mental health needs.

### 3. Types of Sentences Available and  4. Range Established

[18] In this case, Daniel is eligible for incarceration with a period supervised release, pursuant to the statutory provisions of 21 U.S.C. § 841(b)(1)(C). The court may impose a term of supervised release for a period of at least three (3) years as well as

fines and fees. He does not qualify for probation as stated in his PSIR. Daniel requests, as is supported by all items set forth above, incarceration as set forth above as well as a period of supervised release would be best suited for him in order to rehabilitate himself and provide for his family, as well as continuing to be a positive role model in his home community.

### 5. Policy Statements by Sentencing Commission

[19] There are no current policy statements issued by the Sentencing Committee which would affect the sentencing of Mr. Wells.

### 6. Avoiding Unwarranted Sentence Disparities

[20] Regarding the other co-defendants, three (3) have been sentenced as of the date of this memorandum. Alicia Standish received the following: time served imprisonment; 3 years supervised release; and $100 special assessment; Storm Grey Cloud received: time served imprisonment; 3 years supervised release; and $100 special assessment; and Demarco Ritter received: time served imprisonment; 2 years supervised release; and $100 special assessment. Here, Daniel maintains that he played a much more minor role in the foregoing offense than did Alicia Standish, and, as such, should certainly receive a commensurate sentence to that of Ms. Standish. In fact, it was Ms. Standish and her boyfriend that supplied Daniel with the drugs in this case.

[21] Based on the foregoing, Daniel is requesting a sentence similar to those already sentenced.

### 7. Provision of Restitution to Victims

[22] There is no amount of restitution set forth in the Presentence Investigation Report as to Daniel, and he does not dispute such a restitution provision.

## V. CONCLUSION

[23] There is no longer a presumption that the advisory guidelines range is the correct sentence. See United States v. Booker, 543 U.S. 220 (2005). Therefore, Daniel, by and through undersigned counsel, is requesting incarceration for a period of 4 months, with credit for time served, plus with a period of supervised release for three (3) years. Alternatively Daniel requests placement in a half-way house for a period with subsequent time on supervised release.

[24] Should a period of supervision be imposed, Daniel believes he will be able to maintain employment and will be able to afford the costs of supervision by a Probation Officer as set forth in the PSIR.

[25] In this case, Daniel is requesting a downward departure from the Sentencing Guideline recommendations based primarily on the facts that: (1) the current criminal charge is primarily related to his addiction issues involving controlled substances, (2) he has a minimal criminal record, (3) others in the case received similar sentences to that which he is requesting, and, (4) he has support of family and friends toward addressing his criminal issues. Daniel further urges the court to recognize his efforts to take responsibility for his actions in the current matter.

[26] Based on the foregoing, Daniel submits that he is an excellent candidate to be placed in incarceration for a period of four (4) months, with a period of supervised release for three (3) years, with any credit for time he served. Alternatively, Daniel

requests credit for time served, subsequent placement in a half-way house, and then a period of supervised release.

Dated this 11th day of April, 2019.

                                        /s/Thomas M. Jackson
                                        Thomas M. Jackson (ID 05947)
                                        Attorney for Defendant
                                        Jackson, Thomason & Weiler, P.C.
                                        400 E. Broadway Ave. Suite 51
                                        Bismarck, ND 58501
                                        Phone:  701-751-4847
                                        Fax:  701-751-4845
                                        Email:  tjacksonjtw@gmail.com